■ RHODES MANAGEMENT CO., INC., Appellant, v JOHN J. SWEENEY, as President of Local 32B-32J, Service Employees International Union, AFL-CIO, Respondent. — Appeal from the order of the Supreme Court, New York County, entered March 28, 1980 held in abeyance pending entry of judgment confirming the award of May 19, 1977. The order which is here the subject of review represents the third endeavor by respondent to present to the courts an arbitration award upon which judgment may be entered. The first attempt resulted in an award by the arbitrator rendered May 19, 1977, in the sum of $6,247.99, which was confirmed by Special Term on August 2, 1977. Through inadvertence or neglect, a proposed judgment was not submitted to the court for signature until some time in February, 1979. At that time, Special Term, apparently under the impression that rule 660.8 (a) (6) of the Bronx and New York County Supreme Court Rules (22 NYCRR 660.8 [a] [6]) is applicable to judgments as well as litigated motions and that the failure to submit a judgment within 30 days after the date of the decision constituted an abandonment of the application to confirm the award, refused to sign the judgment. In the endeavor to circumvent this obstacle respondent initiated a second arbitration dealing with the same subject matter before the same arbitrator. By the date fixed for hearing, the permanent arbitrator in the building service industry had retired and the matter was submitted to his successor, who on February 15, 1979, rendered an award in favor of respondent in the same amount as that rendered by his predecessor. Special Term denied confirmation on two grounds; first it held that there was no evidence to indicate that the 20-day notice specified in

CPLR 7503 (subd [c]) had been given to petitioner; secondly, it held that the arbitrator was without authority to relitigate the issues. Finally, respondent sought to initiate the same arbitration proceeding for the third time. On this occasion it served the 20-day notice provided for by CPLR 7503 (subd [c]). Petitioner moved to stay the arbitration. Special Term denied the application and this appeal followed. We find it unnecessary to reach the merits of the sometimes thorny question of multiple arbitrations of the same dispute. Rule 660.8 (a) (6) of the Bronx and New York County Supreme Court Rules, by its terms, applies only to long-form orders required to be entered upon litigated motions. It has no application to the entry of a judgment determining a special proceeding. Hence, Special Term was in error in refusing to sign the judgment presented to it confirming the award of May 19, 1977. In refusing to sign that judgment it failed to perform a duty required of it. We have no doubt that, even at this late date, Special Term will, upon presentation of a copy of this memorandum to it, proceed to sign the judgment so that it will be in a form to be entered by the county clerk. Pending entry of such a judgment and notice to this court thereof, this appeal will be held in abeyance. Concur — Kupferman, J.P., Birns, Sandler and Bloom, JJ.